UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GABRIEL MATHEW WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00497-SEB-MG |
| | ) | |
| THOMAS B. LANGHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**Motion to Proceed *In Forma Pauperis***

Plaintiff Gabriel Mathew Whitley, proceeding *pro se*, filed this lawsuit and has moved for leave to proceed *in forma pauperis* [Dkt. 2]. That motion is GRANTED. 28 U.S.C. § 1915(e). While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). No payment is due at this time.

**Screening the Complaint Under 28 U.S.C. § 1915**

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that his complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute involves an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining

1

whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for Plaintiff to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to infer the possible ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Here, Plaintiff's complaint asserts claims of libel and slander. In support of those claims, the complaint alleges that Defendants "slandered [Plaintiff's] name" online and "on hard paper." Compl. at 5. Based on these allegations, it does not appear that this Court has jurisdiction to adjudicate the claims that Plaintiff has presented.

"Courts … have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Beuthe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").  "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Supreme Court has explained the two basic ways to establish subject matter jurisdiction as follows:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Arbaugh*, 546 U.S. at 513 (internal footnote omitted).

The claims Plaintiff has asserted do not arise from the Constitution or laws of the United States.  Rather, libel and slander are causes of action based on state law.  Accordingly, there is no basis for the Court to exercise federal question jurisdiction under

3

28 U.S.C. § 1331.  Additionally, the complaint indicates that Plaintiff and at least one of the Defendants are citizens of Indiana.  Therefore, there does not appear to be complete diversity of citizenship.  Accordingly, there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

      For these reasons, Plaintiff's complaint is <u>DISMISSED WITHOUT PREJUDICE</u> for lack of subject matter jurisdiction.  Plaintiff has moved to amend his complaint [Dkt. 9], which motion is <u>GRANTED</u>.  Plaintiff shall have forty (40) days from the date of this order to file an amended complaint naming all the parties and claims he wishes to assert in this litigation.  In doing so, Plaintiff must clearly identify the federal constitutional or statutory provision giving rise to his claims and/or the state of each defendant's citizenship for purposes of diversity jurisdiction.  Failure to do so in the time allotted will result in the dismissal of this action without further notice or opportunity to show cause.

      IT IS SO ORDERED.

Date: _____4/14/2023_____        _____*[signature]*_____
                                                                                 SARAH EVANS BARKER, JUDGE
                                                                                 United States District Court
                                                                                 Southern District of Indiana

5

Distribution:

GABRIEL MATHEW WHITLEY
1033 N. DEARBORN STREET
INDIANAPOLIS, IN 46201